```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         LAFAYETTE DIVISION


TIMOTHY W. WALKER,              )
                                )
          Plaintiff             )
                                )
     v.                         )    Case No. 4:06 cv 120
                                )
ALCOA, INC.,                    )
                                )
          Defendant             )
```

OPINION AND ORDER

This matter is before the court on the Motion for Sanctions filed by the plaintiff, Timothy W. Walker, on September 14, 2007. For the reasons set forth below, this motion is **DENIED**.

Background

On August 10, 2006, the plaintiff, Timothy Walker, brought this cause of action alleging religious discrimination by his employer, Alcoa, Inc. Walker, who also serves as the pastor of Colfax Wesleyan Church, alleges that Alcoa refused to accommodate his religious beliefs by requiring him to work on Sundays and by disciplining him for being absent on Sundays on which he was scheduled to work.

On December 11, 2006, the Honorable Allen Sharp denied the defendant's motion to dismiss and set a discovery deadline of June 30, 2007. One day before the deadline, the defendant produced approximately 1,500 pages of discovery, and Walker, in response, informally requested the names of Alcoa personnel who would have information concerning these documents. On June 21, 2007, this court granted the defendant's agreed motion to extend

expert witness deadlines, noting that firm dates would be established at the July 20, 2007 status conference. Before this conference took place, on July 16, 2007, Walker also filed a motion to reopen discovery, which had closed on June 30, 2007, and to extend the deadline for filing dispositive motions. This motion was granted at the July 20 status conference, establishing a discovery deadline of August 31, 2007, and a deadline for filing dispositive motions of October 1, 2007. Following this extension, on August 2, Alcoa produced additional documents, apparently 13 pages, referenced by the parties as Bates numbers D3691 - D3704, which indicated that they were created by David Benson. One day later, Alcoa identified Pamela Leonard, Theresa Molnar, David Musi, Bradley B. Blomberg, Kevin Oxley, and James Perrin as individuals with knowledge pertinent to the recently produced documents. These individuals were deposed on August 23, 2007. At his deposition, Blomberg stated that he had not seen four pages of documents (D3543-D3546) on which Alcoa claimed he could testify. (Pltf. Mot. for Sanctions ¶ 15)  Similarly, Perrin was unaware of five pages (D3525-D3529) to which Alcoa had attributed his knowledge. (Pltf. Mot. ¶ 16)

Discussion

The failure to disclose, which includes providing evasive or incomplete answers, is sanctionable and properly remedied by an order compelling discovery. Federal Rules of Civil Procedure 37(a)(2)(B), (a)(3), (a)(4); **Lucas v. GC Services, L.P.**, 226 F.R.D. 328, 329-30 (N.D. Ind. 2004). Rule 37(a)(4)(A) states that

the court shall require sanctions based upon the costs of seeking a motion to compel. *Stookey v. Teller Training Distributors, Inc.*, 9 F.3d 631, 637 (7th Cir. 1993) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."). Sanctions under Rule 37(a)(4)(A) are appropriate unless the party's nondisclosure was "substantially justified."

In addition, Rule 37(c)(1) states that a party who fails to disclose, provides false or misleading disclosure, or refuses to admit information required by Federal Rule of Civil Procedure 26(a) without "substantial justification" may be sanctioned unless such failure was "harmless." See *Musser v. Gentiva Health Services*, 356 F.3d 751, 755 (7th Cir. 2004); *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). The Federal Rules further require that a "party who has made a disclosure . . . or responded to a request for discovery with a disclosure or reponse is under a duty to supplement or correct the disclosure." Rule 26(e). The trial court has broad discretion to determine whether a violation is justified or harmless. See *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). In addition, when reviewing a discovery dispute the court "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

According to Walker's argument, Alcoa learned one day before their depositions that the witnesses Blomberg and Perrin did not

3

have knowledge of some of the documents about which Alcoa indicated they had information. Walker argues that Alcoa was obligated to disclose this and that the failure to do so should result in the imposition of sanctions, including fines based upon a portion of the costs of these depositions and the exclusion of this evidence. Of the 1,500 pages in question, Alcoa indicated that Blomberg would be able to offer testimony with respect to approximately four pages and Perrin with respect to five. It is not clear if they provided testimony with respect to some of the documents produced in discovery or otherwise provided relevant testimony.  However, Alcoa indicated that following the depositions, there were only "a few pages" that had not been authenticated. Further, it is not clear in even general terms what the content of these few pages included. Accordingly, it is difficult for the court to gauge whether the inability to address these documents by Blomberg or Perrin was justified, whether any prejudice occurred as a result, if it can be characterized as "harmless," and finally, whether the sanction of exclusion is warranted. It also is not clear if anything more than the authentication of these documents is at issue.

These concerns are further enhanced because it appears that Walker indicated his intent to depose both Blomberg and Perrin prior to the point at which Alcoa named them as having relevant information regarding some of the documents produced. Accordingly, Walker has provided no basis under which the costs of these depositions resulted from Alcoa's misconduct. Walker

4

appears to acknowledge this by asking for a "portion" of the costs of the deposition, but he has not indicated what proportion can be attributed to Alcoa. Finally, Alcoa's failure to correct its statement crediting Blomberg and Perrin with knowledge of certain documents - made in response to Walker's "informal request" - was made within one day of learning this information. It is not clear that this falls outside of Rule 26's duty to "seasonably amend."  Walker's support provides too tenuous a thread on which to hang either the exclusion of evidence, particularly when the court does not have the benefit of knowing the content of the evidence, or the imposition of costs.

Walker also complains that approximately 13 pages produced by Alcoa indicated on their face that they were created by David Benson and that it was only at Benson's deposition that Walker learned he was a consultant, not an Alcoa employee. Walker stated that with this knowledge, he "would have been able to prepare more completely for Benson's deposition."

In their response, Alcoa stated that the pages in question were summaries extracted from a database and that Benson was an electronic information services contractor to Alcoa. His name appeared on the reports only because he was the individual who "queried the database to extract the information." (Response, p. 5) Alcoa further claimed that in this role Benson was neither the author nor custodian of the information and characterized his role as the digital equivalent to "an assistant who retrieves documents from a filing cabinet." Though this may be an oversim-

5

plification, there is no indication that under the present circumstances the analogy is not apt. If, for instance, the authenticity or accuracy of the report was in question, Benson's testimony may be relevant. There is no indication that this is the case. Accordingly, there is no basis to conclude that Alcoa was required to include Benson in its initial disclosures.

Finally, Walker stated that Alcoa's production violated Federal Rule of Civil Procedure 34(b)(i), which requires that "a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." See *American International Specialty Lines Insurance Company v. NWI-I, Inc.*, 240 F.R.D. 401, 410 (N.D. Ill. 2007). The rule is designed to prevent a responding party from attempting to "hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents." *Hagemeyer North America Inc. v. Gateway Data Services Corporation*, 222 F.R.D. 594, 598 (E.D. Wis. 2004).

Walker based his argument on a note that was included, apparently inadvertently, among the documents produced, directing an associate in the firm representing Alcoa to produce the documents but not to indicate that they are "responsive." It is difficult to draw from this note the conclusion which Walker draws, that Alcoa's response was made in bad faith or was an attempt to frustrate discovery by mingling relevant and irrelevant material. In fact, it is not at all clear why anyone would

6

produce documents that were not responsive. Alcoa explained the note by stating that the documents referenced by the note were supplemental responses, not responsive to any particular request. (Resp. p. 12 n. 6) Further, Alcoa provided the names of individuals who were able to provide further information on these documents, with the exception of only a few additional pages. Regarding these pages, Alcoa has offered additional individuals who may be able to testify. In light of these circumstances, there is no indication that these documents are not relevant or were otherwise provided with the purpose of frustrating discovery.

_____

For the foregoing reasons, the Motion for Sanctions filed by the plaintiff, Timothy W. Walker, on September 14, 2007, is **DENIED**

ENTERED this 28th day of December, 2007

s/ ANDREW P. RODOVICH
United States Magistrate Judge